**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                )
AYMEN SAEED BATARFI, *et al.,*   )
                                )
            Petitioners,         )
                                )
                                )   Civ. No. 05-0409 (EGS)
        v.                       )
                                )
GEORGE W. BUSH, *et al.,*        )
                                )
            Respondents.         )
_____ )

## ORDER TO SHOW CAUSE

Upon consideration of the Petitioner's Motion for Supplemental Relief Regarding Government's Compliance with Discovery Order ("Petitioner's Motion"), the government's opposition ("Government's Response"), the Petitioner's reply, and the Petitioner's Notice of Supplemental Authority Relevant to Petitioner's Motion, it is hereby

**ORDERED** that by no later than 12:00 p.m. on Tuesday, March 17, 2009, the government shall show cause why the government and the attorneys for the government in this case should not be held in contempt for failure to comply with this Court's January 16, 2009 Order[1] and this Court's previous Orders to produce exculpatory information.  It is further

**ORDERED** that the government's response shall include a

_____

[1] The Court's initial Order was issued from the bench on January 16, 2009.  It was later memorialized in a written Order dated January 29, 2009.  *See* docket no. 162.

declaration from the appropriate official at the Department of Defense ("DOD"), a declaration from the appropriate official at the Central Intelligence Agency, and a declaration from the appropriate official at the Department of Justice ("DOJ"), detailing (a) who within their agency and/or department conducted a search or searches for exculpatory information relevant to Petitioner's detention; (b) when such search or searches occurred; (c) what was searched; (d) where the searches occurred; and (e) approximately how many pages of documents were searched. It is further

**ORDERED** that the declaration from the Department of Justice shall also include an explanation of (a) why the government failed to comply with this Court's Order to produce exculpatory evidence and only belatedly produced the March 2002 Memorandum cited in Petitioner's Motion and attached to Petitioner's Motion as Exhibit 4; (b) why the government failed to comply with this Court's Order dated January 16, 2009 to file a declaration that "Department of Justice attorneys have reviewed Petitioner's statements for exculpatory evidence and have produced or will produce all statements containing exculpatory evidence to Petitioner's counsel"; and (c) a certification that the attorney(s) conducting the review for exculpatory evidence are familiar with the meaning of exculpatory evidence and the principles set forth in *Brady v. Maryland*, 373, U.S. 83, 87

(1963), and its progeny.  Petitioner has expressed concern that
the government is relying on DOD attorneys to conduct the review
for exculpatory evidence.  Petitioner's objection is that those
non-DOJ attorneys may not have the necessary experience with the
government's obligations pursuant *Brady* and its progeny.  That
concern, in part, prompted the Court's January 16, 2009 Order
that a DOJ attorney file a declaration that s/he had reviewed the
evidence.  The government's declaration filed pursuant to that
Order indicates that the government continues to rely on DOD
attorneys for the initial review for exculpatory evidence.
Moreover, the Government's Response to Petitioner's Motion states
requiring a review process by attorneys with "*Brady* experience"
would mean that "only criminal prosecutors from DOJ would be
involved in the evidence review[,]" and that such a requirement
is "not feasible." *see* Government's Response at 3.  The
government's argument raises the disturbing implication that the
attorneys conducting the review in this and other habeas cases
(who presumably are not criminal prosecutors from DOJ) do not
have the necessary experience with and knowledge of the
government's *Brady* obligations.

Petitioner has been incarcerated for more than *seven years*
without any adjudication; his liberty interests have been and
remain at stake; and through this habeas proceeding he is
exercising a right to challenge his detention founded in the

3

United States Constitution and recognized by the United States
Supreme Court.  Any delegation of a review for exculpatory
evidence to attorneys who do not understand or are not familiar
with *Brady* and its progeny under these circumstances is
absolutely unacceptable and will not be tolerated.  It is further

**ORDERED** that the Court Security Office is directed to
consult with the appropriate government agency or agencies to
conduct an expedited classification review of the Petitioner's
Motion, the Government's Response, the Petitioner's Reply, and
the Petitioner's Notice of Supplemental Authority Relevant to
Petitioner's Motion, and to provide the Court and counsel with
unclassified versions of these pleadings suitable for filing on
the public docket, by no later than 5:00 p.m. on Tuesday, March
17, 2009.  It is further

**ORDERED** that no extensions of time to comply with this Order
will be granted.  Petitioner has been detained for more than
seven years.  The exculpatory document belatedly produced, in
violation of this Court's Order to produce exculpatory evidence
issued several months ago, was created by the government in March
2002.  In its response to Petitioner's Motion, the government
fails to offer even a single reason or excuse for the belated
production.  The Court and counsel have expended extraordinary
resources to prepare for a merits determination in this case,
including extensive briefing and a hearing on Petitioner's Motion

4

for Judgment on the Record.  A merits hearing is now scheduled for April 6, 2009.  The Court will not tolerate any further delay by the government, particularly in the face of a clear violation of this Court's Order to produce exculpatory evidence.  It is further

**ORDERED** that the remainder of the discovery matters raised in Petitioner's Motion shall be addressed at the Pretrial Conference on March 19, 2009.

**SO ORDERED.**

SIGNED:    **Emmet G. Sullivan**
           **United States District Judge**
           **March 13, 2009**